NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELLCO PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>IN TOUCH CONCEPTS, INC.<br><br>Defendants. | Civil Action No.:<br>11-6493 (PGS)<br><br>MEMORANDUM & ORDER |

This matter is before the Court on a motion to dismiss the complaint of Plaintiff, Cellco Partnership, d/b/a Verizon Wireless ("Verizon") by Defendant, In Touch Concepts, Inc., d/b/a/ ZCom Wireless ("Zcom") [Docket Entry No. 14]. Diversity jurisdiction has been admitted by the parties. The principle argument for dismissal by Zcom is that Verizon failed to comply with certain contractual terms that required certain steps be undertaken before a suit could be filed, and therefore the complaint should be dismissed.

ZCom claims that Section 14 of the contract requires that the following occur prior to instituting suit: (1) written notice that summarizes the factual basis for the controversy; and (2) within 15 days of the notice, the persons meet or converse by telephone to attempt to settle the alleged controversy. Verizon argues that "all conditions precedent to bringing this action for declaratory judgment have been complied with," and that this satisfies the pleading requirements of Fed. R. Civ. Pro. 9(c). Thus, according to Verizon, the motion to dismiss should be denied.

The controversy here revolves around the interpretation and scope of Federal Rule of Civil Procedure 9(c). This rule reads:

> (c) Conditions Precedent. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

Generally, treatise rules suggest that for the core concept to be sufficiently pleaded, "a plaintiff may aver generally that all conditions precedent have been performed." *See* Wright & Miller, Fed. Practice & Procedure 12B at 185. Conversely, "a response alleging that a requisite condition precedent has not been performed must be set forth specifically and particularity." *Id.* The federal practice is that "the complaint does not need to allege in detail how each condition was performed; the allegations are sufficient if they aver generally that all conditions precedent have been performed. The rules also indicate that where defendant challenges the plaintiff's allegation that the condition precedent was fulfilled, the denial must be with specificity and particularity." *Id.* Once the issue has been joined by the defendant, "the burden returns to plaintiff to prove that the condition precedent contested has been met." *Id.*; *see also Richey v. City of Lilburn*, 127 F. Supp. 2d 1250, 1257 (N.D. Ga. 1999); *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053 (7th Cir. 1988); *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 473 (S.D.N.Y. 2004). In each of these cases, the defendant answered with particularity and, after discovery, a motion for summary judgment was brought. Here, Zcom is attempting to accelerate this procedure by bringing a motion to dismiss rather than answering with particularity, undertaking discovery and then bringing a motion for summary judgment. It appears that since Verizon avers the preconditions were met and Zcom denies same, some discovery is appropriate. As such, there does not appear to be any reason to deviate from the practice established in those other cases.

2

ORDER

This matter, having come before the Court on Zcom's motion to dismiss [Docket Entry No. 14], and this Court having considered the parties' submissions and listened to oral argument; and for the reasons stated above,

IT IS on this ___29___ day of May 2012,

ORDERED that Zcom's motion to dismiss is denied.

_____
PETER G. SHERIDAN, U.S.D.J.